Billy J. GIBBS and Sheila Gibbs, Plaintiffs-Respondents,

v.

William W. DOUGLAS and Betty Douglas, Defendants-Appellants.

No. 9746.

Missouri Court of Appeals, Springfield District.

Jan. 28, 1976.

Darrell Deputy, Jr., Lebanon, for defendants-appellants.

David Donnelly, Donnelly, Baldwin & Wilhite, Lebanon, for plaintiffs-respondents.

Before STONE, P. J., and HOGAN and FLANIGAN, JJ.

FLANIGAN, Judge.

Plaintiffs, as buyers, contracted with defendants, as sellers, for the purchase of land in Laclede County, Missouri. The purchase price was to be paid in installments over three years during which defendants were to, and did, remain in possession. At the end of the contract period defendants remained in possession as lessees of plaintiffs under an oral lease.

The petition sought specific performance and damages. The counterclaim sought "quiet title" relief. The judgment of the circuit court of Laclede County awarded plaintiffs specific performance, adjusted the financial rights of the parties and denied defendants relief on the counterclaim. Defendants appeal from that portion of the judgment awarding specific performance.

Defendants assert that the trial court erred in awarding specific performance because:

1. "There was no clear, definite, binding contract upon which to base specific performance."

2. "Any agreement which was reached, was abandoned and rescinded by the actions of the parties."

3. "There was a material breach of the contract by plaintiffs."

4. "There was no timely offer of performance of essential contract provisions by plaintiffs."

Review of the transcript, the 63 exhibits attached thereto and the briefs discloses that each of the four assertions lacks factual support.

This court determines that the following circumstances exist and are dispositive of this appeal: the judgment of the trial court is based on findings of fact which are not clearly erroneous, no error of law appears, and an opinion would have no precedential value.

In compliance with Rule 84.16 V.A.M.R. the judgment is affirmed.

All concur.